IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWN MCDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:26-cv-306-RAH |
| | ) | |
| DONALD VALENZA and COMMANDER MOORE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, an inmate proceeding *pro se*, initiated this action pursuant to 42 U.S.C. § 1983. (*See* doc. 1.) On June 2, 2026, the court issued an order directing the plaintiff to immediately notify the court of any change in his address. (Doc. 16 at 4.) The court specifically cautioned the plaintiff that failure to comply would, without further notice, result in dismissal of this action for failure to prosecute and comply with an order of the court. (*Id.*) Nevertheless, it appears that the plaintiff is no longer located at his address of record, and he has failed to promptly notify the court of his new address.[1] Thus, his whereabouts are unknown, and the administration of this case cannot proceed without his involvement.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure

[1] The plaintiff's address of record is the Houston County Jail in Dothan, Alabama. On September 1, 2026, the United States Postal Service returned mail sent to the plaintiff at that address as undeliverable and with a notation stating, "Not here." (Doc. 24.)

to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (finding this authority "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion" (citations omitted)).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because the plaintiff has failed to comply with the court's directive to promptly notify the court of any change in his address, and because the administration of this case cannot proceed when his whereabouts are unknown, the court concludes that this action is due to be dismissed without prejudice and that no lesser sanction than dismissal would be effective.

Accordingly, based on the foregoing, it is **ORDERED** that this case is **DISMISSED** without prejudice.

Final Judgment will be entered separately.

**DONE**, on this the 21st day of September 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE